UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.

JEFFREY GALIA and
ROBERT BAJKOWSKI,
individually and on behalf of
persons similarly situated,

    Plaintiff,

v.

ENTERPRISE RENT-A-CAR COMPANY,
a foreign corporation,
ENTERPRISE RENT-A-CAR COMPANY-MIDWEST,
an Iowa corporation,
ENTERPRISE LEASING COMPANY OF CHICAGO,
a Nevada corporation, and
XYZ ENTITIES 1-5
(fictitious names of unknown liable entities),

    Defendants.

_____/

## COMPLAINT

Plaintiffs, Jeffrey Galia and Robert Bajkowski, on behalf of themselves individually and others similarly situated, hereby allege the following causes of action:

1.     Plaintiffs brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, on behalf of themselves and on behalf of other, similarly situated, current and former employees of

Defendants, Enterprise Rent-A-Car Company, Enterprise Rent-A-Car Company-Midwest, Enterprise Rent-A-Car Leasing Company of Chicago, and their divisions, subsidiaries and affiliates, however constituted, including but not limited to XYZ Entities 1-5, all doing a portion of their business in Illinois. (Enterprise Rent-A-Car Company, Enterprise Rent-A-Car Company-Midwest, Enterprise Rent-A-Car Leasing Company of Chicago, and all such divisions, subsidiaries and affiliates, including but not limited to XYZ Entities 1-5, are to be referred to herein collectively as "Enterprise," the "Enterprise Entities," or "Defendants," all as more fully alleged in paragraph 7.)

2. Plaintiff, Jeffrey Galia, was an employee of Defendants. He was an assistant manager from about April 2007 to October 2007. At times material hereto, Plaintiff performed a substantial part of his work duties in or around Cook County, Illinois within the jurisdiction of this Court.

3. Plaintiff, Robert Bajkowski, was an employee of Defendants. He was an assistant manager from about May 2005 to November 2008. At times material hereto, Plaintiff performed a substantial part of his work duties in or around, Cooks County, Illinois, within the jurisdiction of this Court.

4. Plaintiffs worked for Enterprise, performing some or all duties of an assistant manager, among other positions. In the assistant manager position, Plaintiffs' primary duties involved the renting of cars to the customers of Enterprise, and the related counter-

work, paper-work, and car-prep work that such duties entailed, at rental location(s) of Enterprise, in the respective division or divisional territory(ies) within which Plaintiffs worked, all for and in furtherance of the business of Enterprise, as further alleged in Paragraph No. 7 herein. In the position of assistant manager, Plaintiffs were supposedly paid a salary, but mis-classified as exempt from the overtime protections of the FLSA.

5. Defendant, Enterprise Rent-A-Car Company-Midwest, is an Iowa corporation, and is a leading car rental company. It serves customers throughout the State of Illinois, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted. Defendant, Enterprise Rent-A-Car Leasing Company of Chicago, is a Nevada corporation, and is a leading car rental company. It serves customers throughout the State of Illinois, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted. Defendant, Enterprise Rent-A-Car Company, is a Missouri corporation, and is affiliated with Enterprise Rent-A-Car Company-Midwest and Enterprise Rent-A-Car Leasing Company of Chicago. It serves customers throughout Illinois and the nation, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

6. Defendants, XYZ Entities 1-5, comprise or operate one or more divisions, subsidiaries, or affiliated companies of Enterprise Rent-A-Car Company-Midwest, Enterprise Rent-A-Car Leasing Company of Chicago, or Enterprise Rent-A-Car Company.

Defendants, XYZ Entities 1-5, are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiffs and those similarly situated, as further alleged herein. The true names and capacities of these XYZ entities are unknown to Plaintiffs at this time, but Plaintiffs will amend this Complaint when and if the true names of said defendants become known such that they can be correctly named.

7. Defendant, Enterprise Rent-A-Car Company-Midwest; Defendant, Enterprise Rent-A-Car Leasing Company of Chicago; and Defendant, Enterprise Rent-A-Car Company, in conjunction with their respective divisions, subsidiaries or affiliates for the rental location(s) in the United States, however such divisions, subsidiaries or affiliates are constituted, including but not limited to XYZ Entities 1-5, have at material times done business under the name of Enterprise or Enterprise Rent-A-Car, among other names and marks, in the United States. These Enterprise Entities directly or indirectly acted in the interest of an employer toward Plaintiffs and other similarly situated, non-exempt workers at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiffs and others similarly situated. Alternately, Defendant, Enterprise Rent-A-Car Company-Midwest; Defendant, Enterprise Rent-A-Car Leasing Company of Chicago; and Defendant, Enterprise Rent-A-Car Company, and each of their respective divisions, subsidiaries or affiliates, however

constituted, including but not limited to XYZ Entities 1-5, were joint employers of Plaintiffs and other similarly situated non-exempt workers in their respective territory or territories because each, respective division, subsidiary or affiliate acts directly or indirectly in the interest of the other in relation to such Plaintiffs and such similarly situated persons. As a further alternative, Defendant, Enterprise Rent-A-Car Company-Midwest; Defendant, Enterprise Rent-A-Car Leasing Company of Chicago; and Defendant, Enterprise Rent-A-Car Company, and each of their divisions, subsidiaries or affiliates, however constituted for the rental location(s) at issue, including but not limited to XYZ Entities 1-5, were joint employers of the Plaintiffs and the similarly situated non-exempt workers in their respective territories because they commonly controlled the terms of compensation and employment of Plaintiffs and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiffs and others similarly situated. As a final alternative, Defendant, Enterprise Rent-A-Car Company-Midwest; Defendant, Enterprise Rent-A-Car Leasing Company of Chicago; Defendant, Enterprise Rent-A-Car Company; or each of XYZ Entities 1-5, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt workers at rental locations in the United States at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

## Collective Action Allegations

8. This collective action includes all mis-classified employees similarly situated to Plaintiffs, performing some or all of the duties of an assistant manager, however variously titled -- including without limitation, the duties of renting cars to the customers of Enterprise, and the related counter-work, paper-work, and car-prep work that such duties entailed -- at any rental location or facility of every division, subsidiary, or affiliate of Enterprise Rent-A-Car Company- Midwest, or Enterprise Rent-A-Car Leasing Company of Chicago, or Enterprise Rent-A-Car throughout the United States (excluding California), however constituted, including but not limited to XYZ Entities 1-5, who worked in excess of forty (40) hours ("overtime hours") per workweek in one or more workweeks on or after March, 2006 (or as otherwise tolled), and who did not receive their overtime rate of pay for all of their overtime hours within such workweeks. (Collectively, the "assistant manager class," the "asserted class" or as those employees "similarly situated")

9. The material time for the claims under the FLSA in this case is the **three-year period** prior to the date of each Plaintiffs' or similarly situated person's joinder or opting into this action, and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law.

10. The activities of Plaintiffs and other similarly situated in the course of employment with Enterprise in the asserted class were directed primarily toward some or all of the duties renting cars to the customers of Enterprise, and the related counter-work, paper-work, and car-prep work that such duties entailed, throughout the State of Illinois and beyond.

11. At all times material hereto, Plaintiffs and all the similarly situated current and former employees in the asserted class were performing their duties for the benefit of and on behalf of Enterprise, as more fully alleged in Paragraph 7.

12. Plaintiffs and the other similarly situated current and former employees in the asserted class regularly worked overtime hours, including, but not limited to, being subject to a practice or policy of each of the Defendants of mis-classifying Plaintiffs and the members of the asserted class as exempt from the FLSA.

13. As a result, at all times material to this Complaint, Enterprise failed pay Plaintiffs and similarly situated persons properly for all overtime hours worked – that is, all of the hours worked in excess of forty (40) -- within a workweek in compliance with the FLSA.

14. Plaintiffs and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

15. In the course of employment with Enterprise, the Plaintiffs and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

16. There are estimated to be several thousand current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

17. The records, if any, should be in the custody or control of Enterprise concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

## Further Jurisdictional Allegations

18. Venue is proper. The Court has jurisdiction over the Defendants, and in regard to each plaintiff joining this lawsuit.

19. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants were each an enterprise engaged in interstate commerce or in the production of goods for

commerce as defined in 29 U.S.C. §203(r) and 203(s). The annual gross sales volume of each of the Defendants was in excess of $500,000.00 per annum.

## Damages, Liquidated Damages, and Other Relief

20. Plaintiffs have retained the Shavitz Law Group, P.A. and local counsel to represent them, and Plaintiffs have incurred, and will continue to incur, attorney's fees and costs accordingly, which are a proper part of the relief sought in this action.

21. Plaintiffs and those similarly situated seek to recover relief from Defendants that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the FLSA.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (ASSISTANT MANAGER CLASS – ALL DEFENDANTS)

22. Plaintiffs readopt and reallege here all allegations contained in Paragraphs 1 through 21 above.

23. Plaintiffs are entitled to be paid their overtime rate of pay for each hour worked in excess of forty (40) hours per work week.

24. All similarly situated employees in the assistant manager class are likewise owed their respective overtime rate of pay for each overtime hour they worked and were not properly paid.

25. Enterprise's actions were intentional, willful and unlawful.

26. By reason of the said intentional, willful and unlawful acts of Enterprise, all Plaintiffs (Plaintiffs and those similarly situated to them in the assistant manager class) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorney's fees in bringing this action.

27. As a result of Enterprise's willful violation of the FLSA, all Plaintiffs (Plaintiffs and those similarly situated to them in the assistant manager class) are entitled to liquidated damages.

28. Plaintiffs demand a jury trial on all counts.

WHEREFORE, Plaintiffs and those similarly situated to them in the asserted class who have or will opt into this action, demand judgment against Defendant, Enterprise Rent-A-Car Company- Midwest, against Defendant, Enterprise Rent-A-Car Leasing Company of Chicago, against Defendant, Enterprise Rent-A-Car Company, and against XYZ Entities 1-5, jointly and severally, for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiffs and those similarly situated for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorney's fees, costs of suit, prejudgment interest, and all other available relief.

Dated: March <u>6th</u>, 2009          Respectfully submitted,

                                           Timothy V. Hoffman, Esq.
                                           Illinois Bar No. 6186716
                                           Email: thoffman@sanchezdh.com
                                           Bryan K. Duplechain, Esq.
                                           Illinois Bar No. 6284499
                                           Email: bduplechain@sanchezdh.com
                                           Sanchez Daniels & Hoffman LLP
                                           333 W. Wacker Drive, Suite 500
                                           Chicago, IL 60606
                                           Telephone: 312-641-1555
                                           Fax: 312-641-3004
                                           Attorneys for Plaintiffs

                                                            -AND-

                                           Gregg I. Shavitz*
                                           Florida Bar No. 11398
                                           E-mail: gshavitz@shavitzlaw.com
                                           Hal B. Anderson*
                                           Florida Bar No. 93051
                                           E-mail: hal.anderson@shavitzlaw.com
                                           SHAVITZ LAW GROUP, P.A.
                                           1515 S. Federal Hwy., Suite 404
                                           Boca Raton, Florida 33432
                                           Telephone: 561-447-8888
                                           Facsimile: 561-447-8831
                                           *Motion for admission Pro Hac Vice to be separately filed*